UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY KENNETH TOWNSEND,

    Plaintiff,

v.                                              CASE NO. 8:16-CV-990-17JSS

HILTON WORLDWIDE, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Dispositive Motion to Dismiss Plaintiff's Complaint (Dkt. 8), to which Plaintiff has responded in opposition (Dkt. 12). Upon consideration, the motion to dismiss is granted, to the extent that the Complaint is dismissed without prejudice and with leave to amend.

## BACKGROUND

Plaintiff Rodney Kenneth Townsend, who is proceeding pro se, brings this employment discrimination action against his former employer, Defendant Hampton Inn by Hilton Worldwide Corporation. In the instant motion, Defendant argues that Plaintiff has failed to exhaust his administrative remedies, has sued the wrong entity, and has not alleged any plausible claim of discrimination. The relevant facts follow.

Over the course of three months, Plaintiff held two positions at a Hampton Inn located in Bartow, Florida. In October 2015, Plaintiff was hired by Beechwood Hotel Group, LLC ("Beechwood") as a temporary associate to move and decorate furniture at the hotel. (Dkt. 1 at ¶¶ 19-20). Beechwood's Asset Manager told Plaintiff that the temporary job would last three to four weeks, but suggested that Plaintiff apply for a permanent job

working at the hotel. (Id. at ¶¶ 23-24). As a result, Plaintiff applied for a "night laundry" position, which he began on December 2, 2015. (Id. at ¶¶ 1, 25, 35, 38).

The Complaint asserts two distinct claims. In Count I, Plaintiff alleges that he suffered race discrimination while he was employed in the temporary position with Beechwood. In particular, Plaintiff alleges that he "was discriminated by the Beechwood moving transition team which consisted of three (3) Spanish men, and one (1) White women [sic] because of the color of the Plaintiff's skin and race." (Id. at ¶ 31). Plaintiff was "indirectly told" to assist construction workers at the hotel and he was assigned to "clean construction dirt" in each room and to throw out trash. (Id. at ¶¶ 22, 27-29). Plaintiff also alleges that he moved only heavy furniture, which constitutes race discrimination. (Id. at ¶ 33). In addition, Plaintiff was "isolated by the Beechwood moving transition team" and other construction workers. (Id. at ¶ 30).

In Count II, Plaintiff alleges that he suffered age discrimination while he was employed in the night laundry position. Plaintiff was given extra duties, which were not explained. (Id. at ¶¶ 42-43). Plaintiff was not given an employee handbook, a policies manual, or a benefits package. (Id. at ¶¶ 44, 47). Plaintiff was also not included in employee meetings and activities, and he was not permitted to use his employee discount at a sister hotel. (Id. at ¶¶ 49-52, 61-62).

On December 25, 2015, the housekeeping supervisor, "Joanna A.," told Plaintiff that he was not getting the housekeeping closets filled at night. (Id. at ¶ 53). Plaintiff explained that he did most of the time, but he ran out of time the night before. Johanna A. told Plaintiff that if it happened again, she would have to fire him. Johanna A. asked Plaintiff if he could complete the task, and he said, "I don't know." (Id.). Plaintiff was then removed

from the employee schedule. (Id. at ¶ 54). On January 7, 2016, Johanna A. called Plaintiff and offered to give him one more chance, but she told him that it would be his last chance. (Id. at ¶¶ 58-59). Plaintiff responded, "I really don't think that's fair, because I really have not done anything wrong." (Id. at ¶ 59). Johanna A. then told Plaintiff that he was fired. (Id.).

Plaintiff alleges that he was fired to keep younger employees at the hotel, consistent with Defendant's practice of hiring younger employees. (Id. at ¶¶ 39, 41). Plaintiff also references "deep rooted hatred, racist practices, patterns, white superiority complex," and a "corporate strategy to systematically create an organizationally racist behavior, and culture." (Id. at ¶¶ 64-65). Plaintiff alleges that these practices are implemented with "verbal and non-verbal communication, statements of false reputation, rumors, and chaos" as well as intimidating "fear tactics." (Id. at ¶ 65).

The Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., and the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01, et seq. (Dkt. 1 at ¶¶ 63-64). Although the statutory basis for the two counts is not specified, the Court assumes that Plaintiff intends to bring Count I pursuant to Title VII and the FCRA, and that Plaintiff intends to bring Count II pursuant to the ADEA and the FCRA. As explained below, the Complaint is not sufficient to state any plausible claim for relief.

## STANDARD

A complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff includes "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. The factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Although a court must accept as true all factual allegations, that rule does not extend to legal conclusions. Iqbal, 556 U.S. at 678. Thus, a complaint that relies on "labels and conclusions or a formulaic recitation of the elements of a cause of action" is not sufficient to state a claim for relief. Id. (internal quotation marks omitted). Only when a complaint includes well-pleaded factual allegations will a court assume the veracity of those facts and determine whether the facts give rise to a plausible claim. Id. at 679. Although a pro se complaint is liberally construed, the complaint "must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

## DISCUSSION

### 1. Defendant's name

Plaintiff has sued Defendant as "Hampton Inn by Hilton Worldwide Corporation." According to Defendant, its current name is "Park Hotels & Resorts Inc.," and it was formerly known as "Hilton Worldwide, Inc." (Dkt. 8 at 1 n.1; Dkt. 16 at 1). The name change occurred on June 1, 2016, shortly after Plaintiff filed this action on April 22, 2016. (Dkt. 8 at 1 n.1; Dkt. 1).

When corporate interests are transferred, a plaintiff may continue the action against the original party, unless the court grants a motion to substitute. Fed. R. Civ. P. 25(c). No party has filed a motion to substitute, and the action is therefore continued against the predecessor to Park Hotels & Resorts, Inc. In light of Defendant's representation that the correct name of the predecessor is "Hilton Worldwide, Inc.," and because Defendant has not contested service of process or the form of the summons, the Court will direct the Clerk to update the docket to reflect Defendant's proper name as Hilton Worldwide, Inc. The parties shall use that name in future filings.

### 2. Exhaustion of remedies (Title VII and ADEA claims)

Before filing a claim for discrimination under Title VII or the ADEA, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004) (citing 29 U.S.C. § 626(d)(2)); Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004); 42 U.S.C. § 2000e-5. Plaintiff alleges that he contacted the EEOC on January 13, 2016, and that the EEOC issued a right-to-sue letter on January 27, 2016. (Dkt. 1 at ¶ 7).

Notwithstanding this allegation, Defendant maintains that Plaintiff has failed to exhaust his administrative remedies because Defendant was not properly named in the Charge of Discrimination that Plaintiff initially filed with the EEOC. Defendant provides a copy of the EEOC Charge, which named "Hampton Inn by Hilton" and listed the local address of the hotel. (Dkt. 8-2 at 2). Defendant contends that the EEOC Charge should have been filed using Defendant's correct name, Hilton Worldwide, Inc., and sent to its corporate address in McLean, Virginia. Defendant does not specifically deny receiving the

Charge, but asserts that "[t]here is no evidence that [Defendant] ever received a copy" of the Charge. (Dkt. 8 at 6).

"Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994). However, courts liberally construe the naming requirement and will consider several factors including:

> (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

Id. at 1359. This is not a rigid test, and "[o]ther factors may be relevant depending on the specific facts of the case." Id.

Defendant's motion to dismiss is denied on this issue. Although the EEOC Charge appears to use an incorrect version of Defendant's name, as well as a local, rather than corporate address, there is no indication that Defendant did not receive notice of the Charge. Notably, Plaintiff is not required to allege exhaustion of administrative remedies with specificity, and the Complaint adequately alleges exhaustion of the federal claims. (Dkt. 1 at ¶ 7); see Fed. R. Civ. P. 9(c); Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1009-10 (11th Cir. 1982); Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1224 (11th Cir. 2010). To the extent that Defendant disputes exhaustion, it must offer more than unsubstantiated assertions by counsel. Tillery v. U.S. Dep't of Homeland Sec., 402 F. App'x 421, 424 (11th Cir. 2010).

Alternatively, Defendant argues that Plaintiff failed to exhaust his administrative

remedies because Plaintiff's claims fall outside the scope of the EEOC Charge. It is well-settled that "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory, 355 F.3d at 1280 (internal quotation marks omitted). In particular, a plaintiff may assert claims that "amplify, clarify, or more clearly focus" allegations raised before the EEOC, but "allegations of new acts of discrimination are inappropriate." Id. at 1279-80 (internal quotation marks omitted).

As explained in Section 5, below, Plaintiff currently fails to state a plausible claim of employment discrimination. An analysis of whether Plaintiff's claims fall outside the scope of Plaintiff's EEOC Charge is therefore premature. Defendant may re-assert this argument in a later motion.

### 3. Exhaustion of remedies (FCRA claim)

Similar to the requirements of Title VII and the ADEA, a person seeking to file a civil action under the FCRA must first file a complaint with the Florida Commission on Human Relations ("FCHR") or dual-file a complaint with the FCHR and EEOC. Sheridan v. State, Dep't of Health, 182 So. 3d 787, 789-90 (Fla. 1st DCA 2016). The claimant must then wait to file a lawsuit until the earlier of two events: (1) the FCHR determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the FCRA, or (2) 180 days have passed from the date the complaint was filed, and the FCHR has not made a reasonable cause determination. Id. at 792 (citing Fla. Stat. § 760.11(4), (8)). If the FCHR determines, within the 180-day period, that there is no reasonable cause to believe that a violation has occurred, the claimant may only file a civil action if he seeks review before an administrative law judge and the review is successful. Id. (citing Fla. Stat.

§ 760.11(7)).

Plaintiff's EEOC Charge indicates that it was dual-filed with the FCHR. (Dkt. 8-2 at 2). However, the Complaint does not allege the outcome, if any, of the FCHR process. Accordingly, the Complaint is dismissed to the extent that Plaintiff brings Counts I and II pursuant to the FCRA. Plaintiff may amend to include facts demonstrating that he exhausted administrative remedies with respect to the FCRA claims.

### 4. Defendant's status as an "employer"

A claim asserting workplace discrimination may only be asserted by an employee against his "employer." Peppers v. Cobb County, No. 15-10866, ___ F.3d ___, 2016 WL 4474679, at *5 (11th Cir. Aug. 25, 2016). In the instant motion, Defendant argues that it was not Plaintiff's employer. In particular, Defendant points out that the Complaint alleges that Plaintiff was initially hired as a temporary associate by Beechwood Hotel Group, LLC—not by Defendant. (Dkt. 1 at ¶ 19). In response to Defendant's motion, Plaintiff requests an opportunity to amend. (Dkt. 12 at 3). Plaintiff's request is granted, and Plaintiff may amend to add Beechwood Hotel Group, LLC as a party-defendant.

In addition to the temporary position with Beechwood, the Complaint indicates that Plaintiff was hired by a different entity to work in the night laundry position. (Dkt. 1 at ¶¶ 24-26, 35, 37-38). The Complaint alleges that this entity is Defendant Hilton Worldwide, Inc., which Plaintiff consistently refers to as "Hampton." (Id.). Thus, Plaintiff adequately alleges that he was employed by Defendant while he worked in the night laundry position.

Despite these allegations, Defendant argues that it is a "global hospitality company that owns, manages, and franchises a portfolio of brands." (Dkt. 8 at 9). Defendant appears to suggest that a different entity may have employed Plaintiff. (Id.). Likewise,

Defendant's Certificate of Interested Persons and Corporate Disclosure Statement names various entities potentially interested in this action, including "Beechwood Bartow Hotel, LLC," an entity that is distinct from Beechwood Hotel Group, LLC. (Dkt. 16 at 1).

While Defendant's arguments may ultimately have merit, they are inappropriate for resolution on a motion to dismiss. To the extent that Defendant disputes whether it actually employed Plaintiff, it may do so in a proper dispositive motion. The Court anticipates that the parties will conduct the necessary discovery to clarify the identity of Plaintiff's employer(s).

The Court also notes that even if Defendant was not Plaintiff's direct or nominal employer, the term "employer" is to be interpreted liberally. Virgo, 30 F.3d at 1359; Zaklama v. Mt. Sinai Med. Ctr., 842 F.2d 291, 294 (11th Cir. 1988). In order to assess whether a particular entity qualifies as an employer, a court examines which entity "is in control of the fundamental aspects of the employment relationship," considering the totality of the circumstances. Peppers, 2016 WL 4474679, at *5. Here, Plaintiff alleges that Beechwood is "a management team" and a "franchisee company" of Defendant, suggesting at least some working relationship between Beechwood and Defendant. (Dkt. 1 at ¶ 21); see E.E.O.C. v. Papin Enters., Inc., No. 6:07-CV-1548, 2009 WL 961108, at *7-9 (M.D. Fla. Apr. 7, 2009) (addressing franchisor's liability as an "employer").

Based on the foregoing, Defendant's motion to dismiss is denied on this issue. Plaintiff may amend to assert claims against Beechwood Hotel Group, LLC.

### 5. Failure to state a claim

Defendant more persuasively argues that Plaintiff fails to allege plausible claims of race and age discrimination. In order to prevail on claims under Title VII and the ADEA,

Plaintiff must ultimately show that Defendant <u>intentionally</u> discriminated against him on the basis of race and age.[1] <u>Armstrong v. Flowers Hosp., Inc.</u>, 33 F.3d 1308, 1313 (11th Cir. 1994). Plaintiff may establish intentional discrimination through direct evidence, statistical evidence, or circumstantial evidence. <u>Alvarez v. Royal Atl. Developers, Inc.</u>, 610 F.3d 1253, 1264 (11th Cir. 2010). The Complaint does not currently allege any direct evidence or statistical evidence of discrimination.

In a claim based on circumstantial evidence, the Court employs the familiar <u>McDonnell-Douglas</u> burden-shifting framework. <u>Id.</u> (citing <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973)). Under that framework, Plaintiff must establish an initial <u>prima facie</u> case of discrimination, which typically requires a showing that: (1) he is a member of a protected class, (2) he was subject to an adverse employment action, and (3) similarly-situated employees outside the protected class were treated more favorably. <u>Id.</u> An adverse employment action includes an "ultimate employment decision," such as a termination, or "a serious and material change in the terms, conditions, or privileges of employment." <u>Crawford v. Carroll</u>, 529 F.3d 961, 970-71 (11th Cir. 2008) (internal quotations marks and emphasis omitted); <u>Trask v. Sec'y, Dep't of Veterans Affairs</u>, 822 F.3d 1179, 1195 (11th Cir. 2016).[2]

In order to survive Defendant's motion to dismiss, Plaintiff need not allege facts

---

[1] Plaintiff's FCRA claims, if properly before the Court, would be assessed under the same standards. <u>Harper v. Blockbuster Entm't Corp.</u>, 139 F.3d 1385, 1387 (11th Cir. 1998).

[2] A claim based on a "hostile work environment" requires a showing of severe and pervasive harassment based on a protected characteristic, among other elements. <u>Edwards v. Prime, Inc.</u>, 602 F.3d 1276, 1300 (11th Cir. 2010). Plaintiff alleges no such claim here.

10

supporting each element of the prima facie case. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). However, Plaintiff must allege sufficient facts "to suggest intentional [race and age] discrimination." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (internal quotation marks omitted).

As an initial matter, the Complaint does not clearly identify which "adverse employment actions" that Plaintiff allegedly suffered based on his race and age. At a minimum, it appears that Plaintiff contends that he was assigned different job duties because of his race, and that he was unlawfully terminated because of his age. (Dkt. 1 at ¶¶ 27-33, 40-41, 63). Yet, Plaintiff fails to plausibly allege that these actions were the result of a discriminatory motive. In particular, the allegations of "racist practices" "racist behavior," and a preference to hire and retain younger employees are entirely conclusory and do not suffice to allege discriminatory intent. (Id. at ¶¶ 39, 41, 64-65); Castillo v. Allegro Resort Mktg., 603 F. App'x 913, 917 (11th Cir. 2015); Uppal v. Hosp. Corp. of Am., 482 F. App'x 394, 396 (11th Cir. 2012). Plaintiff does not allege that he was treated differently than other similarly-situated employees outside of his protected class, and he alleges no other facts plausibly suggesting an intent to discriminate on the basis of age and race. To the contrary, the Complaint suggests that Plaintiff was ultimately terminated for poor performance. (Dkt. 1 at ¶¶ 53, 59).

Based on the foregoing, Defendant's motion to dismiss Counts I and II is granted, with leave to file an Amended Complaint, subject to the following instructions:

(1) Each count in the Amended Complaint shall contain a title specifying the statute under which it is brought and shall be based on only one statute (e.g., "Count I - Race Discrimination in Violation of Title VII" or "Count II - Race Discrimination in Violation of the

FCRA");

(2) Within each count, Plaintiff shall specify the defendant(s) against whom the claim is asserted;

(3) Within each count, Plaintiff shall identify the adverse employment action(s) that he alleges resulted from intentional discrimination. Each count shall also contain enough factual detail to suggest intentional discrimination based on a protected characteristic.

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Defendant's Dispositive Motion to Dismiss Plaintiff's Complaint (Dkt. 8) is **GRANTED**, as set forth more specifically above. Plaintiff shall file an Amended Complaint in compliance with the instructions in this Order within **14 days** of the date of this Order.

(2) The Court sua sponte extends the deadline in the Case Management and Scheduling Order (Dkt. 17) for amendment of pleadings from October 3, 2016 to **December 5, 2016**.

(3) The Clerk is directed to update the docket sheet to reflect the name of Defendant as "Hilton Worldwide, Inc."

**DONE AND ORDERED**, in Chambers, in Tampa, Florida on this /st day of November, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Pro se Plaintiff
Counsel of record

12